# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Novastar Mortgage Funding Trust, Series 2006-6,**

     **Plaintiff,**

-vs-                Case No. 6:10-cv-894-Orl-18GJK

**RICHARD D. SMILIE, UNKNOWN SPOUSE OF RICHARD D. SMILIE, MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC. (min#100080190061885315), WESTYN BAY COMMUNITY ASSOCIATION, INC., UNKNOWN TENANT(S) IN POSSESSION #1 AND #2, ALL OTHER UNKNOWN PARTIES including, if a named Defendant is deceased, the personal representatives, the surviving spouse, heirs, devisees, gratees, creditors, and all other parties claimin, by and through, under or against that Defendant, and all claimants, persons or etc.,**

     **Defendants.**

___

# ORDER

  This matter comes before the Court *sua sponte*. The Plaintiff, Deutsche Bank National Trust Company ("Deutsche Bank"), filed this suit in state court on June 30, 2009, seeking to foreclose a mortgage on real property owned by Defendant Richard Smilie ("Smilie"), and to reestablish a lost mortgage and note. (Doc. 2 at 1-4). Smilie removed the case to this Court on June 7, 2010. Smilie asserted that he was removing the case because Deutsche Bank lacked standing to sue in Florida, because his civil rights were being denied because the judge would not

allow him to fix a scrivener's error, and because he was being denied due process under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 1). Smilie also asserted that Deutsche Bank's complaint was "invalid" as it did not originally contain the relevant note and mortgage. (Doc. 1 at 1).

None of these assertions provide a valid basis for removing the case to this Court. The only state court actions that may be removed are those that could have originally been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Smilie is asserting that this Court possesses federal question jurisdiction over this matter. The presence or absence of federal question jurisidiction is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only where a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Id.* None of the federal issues raised by Smilie – the purported civil rights and due process violations – appear on the face of Deutsche Bank's complaint. Accordingly, this Court lacks subject matter jurisdiction over this matter, which must be remanded to state court.

In consideration of the foregoing, it is hereby

**ORDERED** that this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 23, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party